

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00384-CV

Todd Delane **FERGUSON**,
Appellant

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV07029
Honorable J. Frank Davis, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: April 22, 2020

AFFIRMED

Todd Delane Ferguson appeals an order affirming the Texas Department of Public Safety

(DPS)'s suspension of his license to carry a handgun. On appeal, Ferguson argues the automatic,

temporary suspension of a handgun license for a charge of a Class A Misdemeanor

unconstitutionally deprives license holders of due process.[1] We affirm the order.

---

[1] Ferguson provided the Attorney General notice of his constitutional challenge.

## BACKGROUND

DPS issued Ferguson a license to carry a handgun. Ferguson was later charged with a Class A misdemeanor: criminal trespass while openly carrying a handgun. *See* TEX. PENAL CODE § 30.07(a)(1), (d). As required by Texas Government Code section 411.187, DPS temporarily suspended Ferguson's license based on the pending criminal charge. *See* TEX. GOV'T CODE § 411.187(a)(1) (requiring temporary suspension of a license upon Class A misdemeanor charge).

Ferguson challenged DPS's suspension before a Justice of the Peace (JP). The JP affirmed DPS's decision. Ferguson filed a notice of appeal and requested a trial de novo in county court. During the trial de novo, the county court admitted certified copies of DPS's notice of suspension, and the complaint and information charging Ferguson with the Class A misdemeanor of criminal trespass while openly carrying a handgun.

Ferguson's sole defense at trial was that section 411.187(a) is unconstitutional. Ferguson argued section 411.187(a) violated his due process rights because the provision failed to allow him "a full-blown evidentiary hearing" "to challenge the underlying offense." Ferguson contrasted the procedure to suspend a driver's license for refusing to take a breathalyzer test. Ferguson made no reference to the Second Amendment or his right to bear arms. He did not argue the statute was unconstitutional for any reason other than denying him the opportunity to challenge the validity of the criminal charge in a civil case. Furthermore, other than legal arguments, Ferguson provided no evidence or other allegations regarding any underlying facts or his constitutional rights. The county court overruled Ferguson's complaint, and rendered an order affirming DPS's suspension. Ferguson filed a timely notice of appeal.

## DUE PROCESS

On appeal, Ferguson argues he was denied a meaningful hearing. For the first time on appeal, he also argues section 411.187(a) violates his Second Amendment right to bear arms. The

Fourteenth Amendment to the U.S. Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Due process rights are both procedural and substantive. *Honors Acad., Inc. v. Texas Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018). The essence of procedural due process is the right to notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Conversely, substantive due process guarantees individuals substantive rights, such as those included in the Bill of Rights, subject to permissible restrictions on those rights. *See McDonald v. City of Chicago*, 561 U.S. 742, 759–61 (2010).

**A. Procedural Due Process: The Right to a Meaningful Hearing**

We begin by noting Ferguson appears to conflate the two types of due process rights. On appeal, Ferguson contends he was not afforded a meaningful hearing and that he should have a full evidentiary hearing, suggesting his contention is based on his right to procedural due process. But the reason Ferguson argues the hearings below were inadequate is his contention that the requirements for automatically suspending his license to carry a handgun should be higher because the Second Amendment protects his right to bear arms. Although Ferguson emphasizes his substantive due process rights on appeal, we first address his procedural complaint and hold Ferguson has been afforded sufficient procedural due process in this case:

- Ferguson had notice of DPS's revocation of his handgun license.

- Ferguson had a public hearing in front of a JP, a neutral and detached magistrate.

- The record shows the JP considered evidence, and Ferguson does not argue he was not afforded the opportunity to present evidence, or to cross-examine DPS's witnesses or otherwise question its evidence.

- Ferguson had a second public hearing in front of a judge of a County Court at Law, another neutral and detached judge.

- The record shows the county court judge considered evidence, and Ferguson was afforded the opportunity to present his own evidence and to challenge DPS's evidence.

- Ferguson was also afforded the right to appeal to this court.

To the extent Ferguson complains on appeal that he has received insufficient procedural due process, we overrule Ferguson's issue. *See Mathews*, 424 U.S. at 348–49.

Ferguson argues he has a constitutional due process right to challenge the pending criminal charges in a civil suit. Collateral challenges to criminal proceedings are generally not permitted except through writs of habeas corpus. *Cf. Kennedy v. Staples*, 336 S.W.3d 745, 753-54 (Tex. App.—Texarkana 2011, no pet.). However, the Texas Legislature has provided a statutory exception for revoking driver's licenses for failing to provide a spec. *See* TEX. TRANSP. CODE § 724.042. There is no similar statutory exception for revoking handgun licenses because of alleged criminal activity. Ferguson cites no authority that his procedural due process rights require that he be allowed, in a civil case, to challenge the validity of a pending criminal charge. We overrule this issue.

## B. <u>Substantive Due Process</u>: The Second Amendment Right to Bear Arms

With respect to Ferguson's arguments regarding his substantive due process rights under the Second Amendment, we hold Ferguson waived the arguments by failing to present them to the trial court with a timely and specific complaint, objection, or motion. *See* TEX. R. APP. P. 33.1.

### CONCLUSION

We affirm the trial court's order.

Luz Elena D. Chapa, Justice